IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DARRELL L. JONES, JR., | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-053-A |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND
## NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of

Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of

the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

Plaintiff Darrell L. Jones, Jr. ("Jones") filed this action pursuant to Sections 405(g) and

1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the

Commissioner of Social Security ("Commissioner") denying his claim for disability insurance

benefits under Title II of the Social Security Act ("SSA"). Jones applied for disability insurance

benefits on March 15, 2009, alleging that his disability began on September 23, 2005. (Tr. 8.)

After his application for benefits was denied initially and on reconsideration, Jones requested

a hearing before an administrative law judge ("ALJ"). (Tr. 8.) The ALJ held a hearing on May 11,

2010, and issued an unfavorable decision on June 11, 2010. (Tr. 8, 15.) On November 23, 2010,

the Appeals Council denied Jones' request for review, leaving the ALJ's decision as the final

decision of the Commissioner in his case.  (Tr. 1.)

## II.  STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and numerous regulatory

provisions govern disability insurance benefits.  *See* 20 C.F.R. Pt. 404 (2011).  The SSA defines a

"disability" as a "medically determinable physical or mental impairment" lasting at least twelve

months that prevents the claimant from engaging in "any substantial gainful activity." 42 U.S.C. §§

423(d), 1382c(a)(3)(A); *see McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a

five-step analysis is employed.  20 C.F.R. § 404.1520.  First, the claimant must not be presently

working at any substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  "Substantial gainful

activity" is defined as work activity "that involves doing significant physical or mental activities

. . . for pay or profit."  20 C.F.R. § 404.1572(a)–(b).  Second, the claimant must have an impairment

or combination of impairments that is severe.  20 C.F.R. § 404.1520(a)(4)(ii), (c); *Stone v. Heckler*,

752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).

Third, disability will be found if the impairment or combination of impairments meets or equals an

impairment contained in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App.

1.  20 C.F.R. § 404.1520(a)(4)(iii), (d).  Fourth, if disability cannot be found on the basis of the

claimant's medical status alone, the impairment or impairments must prevent the claimant from

returning to his past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv), (e).  And fifth, the impairment

must prevent the claimant from doing any work, considering the claimant's residual functional

capacity, age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v), (f); *Crowley v.*

*Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999).

Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant can still do notwithstanding his physical and mental limitations. 20 C.F.R. § 404.1520(a). The claimant's RFC is used at both the fourth and fifth steps of the sequential analysis. *Id.* § 404.1520(a)(4). At step four, the claimant's RFC is used to determine if the claimant can still do his past relevant work. *Id.* § 404.1520(a)(4)(iv). At the fifth step, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* § 404.1520(a)(4)(v).

At steps one through four, the burden of proof rests upon the claimant to show that he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## III. ISSUES

Jones presents the following issues:

1.      Whether the ALJ applied the proper legal standard to evaluate Jones' severe
        impairments;

2.      Whether the ALJ considered all of Jones' vocationally significant impairments; and

3.      Whether the ALJ gave due consideration to expert medical opinion evidence.

(Pl.'s Br. at 1.)

## IV. ALJ DECISION

In his June 11, 2010 decision, the ALJ found that Jones had met the disability insured status

requirements of the SSA through at least December 31, 2011. (Tr. 14.) The ALJ then proceeded to

follow the five-step sequential evaluation process.  He found, at the first step, that Jones had not

engaged in substantial gainful activity since September 23, 2005. (Tr. 14.) At the second step, the

ALJ found that Jones had uncontrolled hypertension and that his hypertension was a severe

impairment. (Tr. 14.) At the third step, the ALJ found that Jones' severe impairment did not meet

or equal an impairment contained in the Listing. (Tr. 14.)

Next, the ALJ found that Jones retained the functional capacity to perform the exertional

requirements of sedentary work activity. (Tr. 14.) The ALJ then proceeded to the fourth step and

found that Jones was unable to perform his past relevant work as an automobile assembler. (Tr. 14.)

Finally, at the fifth step, the ALJ opined that, based on Jones' residual functional capacity and on his

age, education, and work experience, Jones was not disabled and had not been under a disability at

any time through the date of the decision. (Tr. 14–15.)

## V. DISCUSSION

In his first issue, Jones asserts that the ALJ erred in assessing the severity of his impairments by applying a standard that is inconsistent with the law of the Fifth Circuit. He further argues in part of his second issue that the ALJ erred by failing to find that his other impairments, obesity and congestive heart failure with edema of the extremities, qualified as "severe impairments" along with his hypertension. (Pl.'s Br. at 6–10.) To evaluate whether a claimant's medical condition qualifies as a "severe impairment" at Step Two of the analysis, the Commissioner has issued regulations that define a "severe impairment" as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *cf.* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").

The Fifth Circuit, however, has held that a literal application of that definition is inconsistent with the statutory language and legislative history of the SSA. *See Stone v. Heckler*, 752 F.2d 1099, 1104–05 (5th Cir. 1985). Instead, the Fifth Circuit has established the following standard for determining whether a claimant's impairment is severe: An impairment is not severe only when it is a "slight abnormality" having "*such minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 (emphasis added). The *Stone* severity standard does not allow for *any* interference with work ability, not even minimal interference. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.").

If an ALJ's decision fails to refer to the *Stone* opinion by name or cite language of the same effect, courts are to presume that the ALJ used an incorrect standard for measuring severity at Step

Two of the sequential evaluation process. *See Loza*, 219 F.3d at 393. While a case will not be remanded simply because the ALJ did not use "magic words," remand is required when there is no indication that the ALJ applied the correct standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986); *see also McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 835 (N.D. Tex. 2008) (indicating that the Fifth Circuit's remand mandate in *Stone* left lower courts with no discretion to conduct harmless-error analysis to determine if remand was proper when the ALJ failed to apply the *Stone* severity standard). The ALJ's failure to apply the *Stone* standard is a legal error, not a procedural error, and the claim must be remanded for reconsideration unless the correct standard is used. *Stone*, 752 F.2d at 1106; *see also Johnson v. Astrue*, No. H-08-3658, 2010 WL 148411, at *17 (S.D. Tex. Jan. 11, 2010) (holding that remand was required when the ALJ cited to *Stone* but nonetheless applied an incorrect standard); *Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV00522-N, 2009 WL 3856662, at *1 (N.D. Tex. Nov. 16, 2009) (Godbey, J.) (holding that ambiguity as to whether proper legal standard was used in making a severity determination must be resolved at the administrative level); *Brown v. Astrue*, No. 4-08-CV-155-A, 2009 WL 1402287, at *3–4 (N.D. Tex. May 18, 2009) (McBryde, J.) (same).

In this case, the ALJ stated that an impairment is severe "if it imposes significant restrictions in the ability to perform basic work activities." (Tr. 9.) While this statement is similar to the severity definition found in the regulations, *see* 20 C.F.R. § 404.1520(c), it must be construed in light of the *Stone* standard. The ALJ failed to refer to *Stone* by name or include language to the same effect as the *Stone* severity standard, and he did not indicate in any other way that he was applying the proper legal standard required by *Stone* in evaluating the severity of Jones' impairments. As stated above, the *Stone* severity standard does not allow for *any* interference with work ability, not

even minimal interference.  In this case, however, the ALJ's interpretation requires "significant restrictions" on work ability before a severe impairment can be found.

Courts in this district have repeatedly held that the application of an incorrect severity standard does not comply with the standard set forth in *Stone*.  *See, e.g., Ramos v. Astrue*, No. 3:10-CV-1495-BD, 2011 WL 2469582, at *3–4 (N.D. Tex. June 21, 2011) (Kaplan, Mag. J.) ("The ALJ did not cite to *Stone* or a case of similar import and stated that an impairment was not severe 'when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work . . . , thus suggesting that some interference with the ability to work was permissible."); *Craaybeek v. Astrue*, No. 7:10-CV-054-BK, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011) (Toliver, Mag. J.); *Charlton v. Astrue*, No. 3:10-CV-056-O, 2010 WL 3385002, at *7 (N.D. Tex. July 14, 2010) (Ramirez, Mag. J.), *adopted in* 2010 WL 3385000 (N.D. Tex. Aug. 26, 2010) (O'Connor, J.); *Roberson v. Astrue*, 3:10-CV-0240-BH, 2010 WL 3260177, at *10 (N.D. Tex. Aug. 17, 2010) (Ramirez, Mag. J.); *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *8 (N.D. Tex. May 25, 2010) (Cureton, Mag. J.), *adopted in* 2010 WL 2891075 (N.D. Tex. July 20, 2010) (McBryde, J.); *Garcia v. Astrue*, No. 3-08-CV-1881-BD, 2010 WL 304241, at *3–4 (N.D. Tex. Jan. 26, 2010) (Kaplan, Mag. J.) (citing *Johnson v. Astrue*, 2010 WL 148411, at *17); *Ruby v. Astrue*, No. 3:08-CV-1012-B, 2009 WL 4858060, at *7–8 (N.D. Tex. Dec. 14, 2009) (Boyle, J.); *Neal*, 2009 WL 3856662, at *1 (Godbey, J.) ("Even though citation to *Stone* may be an indication that the ALJ applied the correct standard of severity, nowhere does *Stone* state that the ALJ's citation to *Stone*, without more, conclusively demonstrates that he applied the correct standard."); *Scroggins v. Astrue*, 598 F. Supp. 2d at 805–07 (Lindsay, J.); *Sanders v. Astrue*, No. 3:07-CV-1827-G, 2008 WL 4211146, at *7 (N.D. Tex. Sept. 12, 2008) (Fish, J.).

Although not cited by the Commissioner, the Court recognizes that there is an unpublished Fifth Circuit opinion that, even though citing to *Stone*, appears to use a different severity standard than actually set forth in *Stone* in finding that the ALJ's decision applied the correct legal standard at Step Two. *See Brunson v. Astrue*, 387 F. App'x 459, 2010 WL 2802372, at *2–3 (5th Cir. July 16, 2010) ("An impairment is severe if it significantly limits an individual's physical or mental abilities to do basic work activities; it is not severe if it is a slight abnormality or combination of slight abnormalities that has no more than a minimal effect on the claimant's ability to do basic work activities."). In addition, although again not cited by the Commissioner, the Court is aware of another unpublished Fifth Circuit opinion that indicates that remanding a case for failure to apply the *Stone* severity standard would be a waste of judicial resources when evidence established that both the *Stone* standard and the standard set forth in the regulations were satisfied and the outcome would remain the same. *See LeBlanc v. Chater*, 83 F.3d 419, 1996 WL 197501, at *2 (5th Cir. 1996); *see also Ranes v. Astrue*, No. 3:10-CV-0589-D, 2011 WL 540286, at *9 (N.D. Tex. Feb. 15, 2011) (Fitzwater, C.J.) (relying on *LeBlanc* in finding that, under either severity standard, there was substantial evidence to support the ALJ's severe-impairment findings and, thus, the ALJ's decision should be affirmed as to this issue).

In the instant case, however, the evidence in the record does not make it clear to this Court that the outcome would remain the same if the correct standard were applied to Jones' claimed impairments of congestive heart failure with edema and obesity. For instance, at Step Two, the ALJ failed to find that Jones had any severe impairments besides uncontrolled hypertension. (Tr. 9.) There is evidence, however, that Jones (1) was diagnosed with congestive heart failure (Tr. 310, 312,

8

317),[1] (2) suffered from edema (Tr. 279, 281, 294, 314), (3) was obese, weighing as much as 293.2 pounds at a height of five feet 10 inches (Tr. 278, 107, 196), (4) was diagnosed with suspected sleep apnea (Tr. 175, 278, 178), and (5) fell asleep while performing daytime activities (Tr. 28). Had the correct severity standard been applied, the ALJ's determination regarding severity may have been different.

In addition, the Court notes that there is a line of cases that is often cited in support of the argument that the failure to apply the proper severity standard requires remand only when the ALJ ends his analysis at Step Two and finds that a claimant is not disabled because he does not have any severe impairments.[2] *See, e.g., Constancio v. Shalala,* 56 F.3d 1386, 1995 WL 337939, at *1–2 (5th

---

[1]The Court notes that there is conflicting evidence on the issue of whether Jones actually suffers from the medically determinable impairment of congestive heart failure. (*Compare, e.g.,* Tr. at 317 *with* Tr. at 294.) But the evaluation of the evidence regarding the existence and severity of an impairment is a determination for the ALJ to make. A court merely reviews the record to evaluate whether there is substantial evidence to support the ALJ's determination. *See Harris,* 209 F.3d 413, 417 (5th Cir. 2000); *Hollis,* 837 F.2d at 1383.

[2]The Court acknowledges that these cases have created confusion regarding this issue. However, the Court also questions whether most of these Fifth Circuit cases really support the proposition that the failure to apply the proper severity standard requires remand only when the ALJ ends his analysis at Step Two. In *Reyes, Harrell, Shipley,* and *Lopez,* the claimants do not appear to directly challenge whether the ALJ correctly applied the *Stone* standard of severity (as opposed to an incorrect standard). In *Jones,* the court's statement as to this issue was "in a brief footnote not central to the Court's analysis of the case." *Padalecki v. Astrue,* 688 F. Supp. 2d 576, 581 (W.D. Tex. 2010). In *Chaparro,* the Fifth Circuit rejected the claimant's argument that the ALJ had applied the wrong severity standard when he failed to cite to *Stone* because the petitioner had waived such issue when he failed to raise it before the district court. *See Chaparro,* 815 F.2d at 1011; *see also Padalecki,* 688 F. Supp. 2d at 581. Thus, any further statement by the *Chaparro* court regarding this issue could only be considered dicta.

Furthermore, the argument has been made in some Fifth Circuit cases that any alleged failure to apply the *Stone* standard was not reversible error when

the reviewing court could infer that the ALJ found that the *impairments in question* were, in fact, severe such that the claimant was not prejudiced by any legal error in the application of the severity regulation. The reviewing court could properly draw this inference due to the fact that the ALJ considered the *impairments in question* at later stages of the five-step analysis, stages of the analysis that were premised on a finding, at the second step of the analysis, that the impairments were severe.

*Naquin v. Astrue,* No. 07-104-FJP-CN, 2008 WL 474206, at *3–4 (M.D. La. Feb. 14, 2008); *see also Gutierrez v. Astrue,* No. 3:11-CV-500-N, 2011 WL 5921514, at *7 (N.D. Tex. Nov. 23, 2011) (Toliver, Mag. J.) (stating that "the district court properly can draw [the] inference [that the ALJ found the impairment in question severe] where the ALJ considers the impairments in question at later stages of the five-step sequential analysis"), *adopted in* 2011 WL 6129600 (N.D. Tex. Dec. 9, 2011) (Godbey, J.); *Lederman v. Astrue,* No. 3:10-CV-1987-M-BK, 2011 WL 5331721, at *8 (N.D. Tex. Oct. 12, 2011) (Lynn, J.) (remanding for ALJ's failure to apply the correct severity standard because the ALJ did not find the impairment in question as severe at Step Two and failed to address it later on in the sequential analysis);

Cir. 1995); *Lynch v. Shalala*, 19 F.3d 14, 1994 WL 93270, at *2–3 (5th Cir. 1994); *Reyes v. Sullivan*, 915 F.2d 151, 154 n.1 (5th Cir. 1990); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Shipley v. Secretary*, 812 F.2d 934, 935 (5th Cir. 1987); *Lopez v. Bowen*, 806 F.2d 632, 634 n.1 (5th Cir. 1986).[3]  However, this argument has been rejected multiple times in the Fifth Circuit and in this and other districts.  *See, e.g.*, *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (case adjudicated at Step Five);[4] *Ramos v. Astrue*, No. 3:10-CV-1495-BD, 2011 WL 2469582, at *4 (N.D. Tex. June 21, 2011) ("The Fifth Circuit has never held that *Stone* applies only to cases where the claimant is found not disabled at Step 2.  To the contrary, the failure to apply the correct severity standard has been held to be an independent and sufficient reason to require remand in cases adjudicated beyond the second step of the sequential evaluation analysis.") (Kaplan, Mag. J.);

---

*Jones v. Astrue*, No. 3:11-CV-0107-BK, 2011 WL 4498872, at *5–7 (N.D. Tex. Sept. 28, 2011) (Toliver, Mag. J.) (holding that the ALJ's failure to apply the correct legal standard under *Stone* at Step Two "is not grounds for reversal because the ALJ proceeded beyond step two in the sequential analysis in discussing [and analyzing] the[] impairments [in question]"); *Holman v. Astrue*, No. 2:06-CV-0238, 2009 WL 3047418, at *4 (N.D. Tex. Sept. 23, 2009) (Robinson, J.) ("In a multi-impairment case, proceeding past step two on impairments found to be severe, but not proceeding past step two on the impairment or impairments found not severe, does not cure any error which may have occurred."); *Odstrcil v. Astrue*, No. 1:08-CV-106-C, 2009 WL 3048369, at *5–6 (N.D. Tex. Sept. 24, 2009); *Bradshaw v. Astrue*, No. 1:07-CV-0150-C, 2008 WL 4387087, at *6 (N.D. Tex. Sept. 26, 2008) (Ramirez, Mag. J.).  In other words, the failure to cite to *Stone* or recite the correct severity standard was not an error because, based on the ALJ's analysis beyond Step Two of the impairments in question, it was clear that the ALJ applied the correct legal standard.

[3]*See also Nicholson v. Massanari*, No. 00-31370, 254 F.3d 1082, 2001 WL 564157, at *1 (5th Cir. May 18, 2001) ("[T]he ALJ did not apply the wrong legal standard because the decision to deny [the claimant] benefits was not based on a finding of non-severity."); *Noble v. Astrue*, No. 4:09-CV-545-A, 2011 WL 2330972, at *3, 6–7 (N.D. Tex. June 14, 2011) (McBryde, J.); *Blessing-Martinez v. Astrue*, No. 4:09-CV-535-A, 2011 WL 1297550, at *2 (N.D. Tex. Apr. 5, 2011) (McBryde, J.); *Stone v. Astrue*, No. 4:08-CV-598-A, 2010 WL 2164414, at *1–3 (N.D. Tex. May 27, 2010) (McBryde, J.); *Knight v. Astrue*, No. 09-0409, 2010 WL 892872, at *3 (W.D. La. Mar. 11, 2010) ("[W]hen, as here, the ALJ's analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required."); *Bradshaw v. Astrue*, No. 1:07-CV-0150-C, 2008 WL 4387087, at *5–6 (N.D. Tex. Sept. 26, 2008) (Lane, Mag. J.) (stating that although *Stone* appears to require remand in any case in which the ALJ fails to properly reference the *Stone* standard, the "court's subsequent rulings, however, have clarified the holding to require remand only when the ALJ failed to reference the *Stone* standard and the case was adjudicated at step 2 of the sequential evaluation process").

[4]"While this case had two holdings, one requiring remand for failure to apply the correct *Stone* standard at step two and the other remanding for lack of substantial evidence, the holding regarding the *Stone* standard is not diminished by this fact." *Padalecki*, 688 F. Supp. 2d at 581 n.7.

*Hutchins v. Astrue*, No. 3:10-CV-0077-BD, 2011 WL 1136246, at *4 (N.D. Tex. Mar. 25, 2011) (Kaplan, Mag. J.); *Padalecki v. Astrue*, 688 F. Supp. 2d 576, 581 (W.D. Tex. 2010); *Luna v. Astrue*, No. 3:09-CV-1436-M-BH, 2010 WL 582151, at *7 n.5 (N.D. Tex. Feb. 18, 2010) (Lynn, J.); *Charlton*, 2010 WL 3385002, at *7 (Ramirez, Mag. J.), *adopted in* 2010 WL 3385000 (O'Connor, J.); *Grant v. Astrue*, No. 4:08-CV-455-Y, 2010 WL 26478, at *7 (N.D. Tex. Dec. 3, 2009), *adopted in* 2010 WL 26478 (N.D. Tex. Jan. 5, 2010) (Means, J.); *Neal*, 2009 WL 3856662, at *1 (Godbey, J.); *Vinning v. Astrue*, No. 4:08-CV-059-A, 2009 WL 920192, at *4 n.3 (N.D. Tex. Apr. 2, 2009) (McBryde, J.) ("Merely because the denial of benefits occurred later in the process [after Step Two] does not excuse the Commissioner's earlier error [in applying the *Stone* severity standard]."); *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008) (Godbey, J.) (noting that thorough analysis of evidence under erroneous severity standard does not cure the procedural defect in the ALJ's decision); *Key v. Astrue*, No. 3:06-CV-1087-N, 2007 WL 2781930, at *4 (N.D. Tex. Sept. 4, 2007) (Godbey, J.).[5]

Because the ALJ did not refer to *Stone* by name, include language to the same effect as the *Stone* severity standard, or indicate in any other way that he was applying the correct legal standard in evaluating Jones' impairments at Step Two, it is impossible for the Court to determine whether the ALJ applied the correct severity standard. The ALJ did not discuss Jones' other claimed impairments (obesity and congestive heart failure with edema of the extremities) at any step after Step Two. Given the low bar for the establishment of a severe impairment under *Stone* and that the

---

[5]The undersigned recognizes that there are recent opinions in this district holding that, in essence, the failure to apply the proper severity standard does not require remand when the ALJ proceeds beyond Step Two in his analysis. *See, e.g., Musial v. Astrue*, No. 4:10-CV-280-A, 2011 WL 5346307, at *3–5 (N.D. Tex. Nov. 3, 2011) (McBryde, J.); *Noble v. Astrue*, No. 4:09-CV-545-A, 2011 WL 2330972, at *3, 6–7 (N.D. Tex. June 14, 2011) (McBryde, J.); *Blessing–Martinez v. Astrue*, No. 4:09-CV-535-A, 2011 WL 1297550, at *2 (N.D. Tex. Apr. 5, 2011) (McBryde, J.); *Stone v. Astrue*, No. 4:08-CV-598-A, 2010 WL 2164414, at *1–3 (N.D. Tex. May 27, 2010) (McBryde, J.). Nevertheless, the undersigned feels compelled to continue to recommend remand on this issue based on current Fifth Circuit precedent and the rulings of the majority of judges in this district as set forth herein.

ALJ's failure to apply the *Stone* standard is a legal error, remand is required to allow the Commissioner to clarify that the *Stone* opinion was followed and to revisit whether other of Jones' claimed impairments should have been included among his severe impairments at Step Two.[6]

The Court will not consider Jones' argument that the ALJ erred by failing to find his other impairments to be severe because this argument will be affected on remand when the ALJ sets forth the proper severity standard. Further, because remand is required pursuant to the ALJ's legal error at Step Two, the Court will not consider the remaining issues for review. However, upon remand, the Commissioner should ensure that he properly considers such issues.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings consistent with these proposed findings of fact and conclusions of law.

---

[6]The Court notes that if the failure to apply the *Stone* standard were not a legal error and were subject to a harmless-error analysis, it might make sense, depending on the facts of a case, to conclude that remand would not be necessary in some cases. However, as stated above, such a failure is a legal error, not a procedural error, and published Fifth Circuit precedent **mandates** that the claim must be remanded to the Commissioner for reconsideration if there is no indication that the ALJ applied the correct standard. *See, e.g., Stone*, 752 F.2d at 1106. In addition, this is the position taken by most of the judges in the Northern District of Texas. *See Adcock v. Astrue*, No. 3:10-CV-2257-BD, 2011 WL 5529555, at *4 (N.D. Tex. Nov. 14, 2011) (Kaplan, Mag. J.); *Bradshaw v. Astrue*, 2011 WL 5525358, at *9 (Ramirez, Mag. J.); *Bownds v. Astrue*, No. 4:10-CV-942-Y, 2011 WL 4091507, at *4 n.2 (N.D. Tex. July 19, 2011) (Cureton, Mag. J.), *adopted in* 2011 WL 4101101 (N.D. Tex. Sept. 14, 2011) (Means, J.); *Craaybeek v. Astrue*, 2011 WL 539132, at *6 (Toliver, Mag. J.); *Lacy v. Astrue*, No. 3:10-CV-825-BH, 2010 WL 4275285, at *6 (N.D. Tex. Oct. 29, 2010) (Ramirez, Mag. J.); *Crotzer v. Astrue*, No. 3:09-CV-1998-L, 2010 WL 4877270, at *6–7 (N.D. Tex. Oct. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4883245 (N.D. Tex. Nov. 30, 2010) (Lindsay, J.); *Phillips v. Astrue*, No. 3:09-CV-2438-L, 2010 WL 4281984, at *6 (N.D. Tex. Sept. 21, 2010) (Toliver, Mag. J.), *adopted in* 2010 WL 4168622 (N.D. Tex. Oct. 18, 2010) (Lindsay, J.); *Charlton v. Astrue*, 2010 WL 3385002, at *7 (Ramirez, Mag. J.), *adopted in* 2010 WL 3385000 (O'Connor, J.); *Roberson v. Astrue*, 2010 WL 3260177, at *10 (Ramirez, Mag. J.); *Luna v. Astrue*, 2010 WL 582151, at *7 (Lynn, J.); *Garcia v. Astrue*, 2010 WL 304241, at *4 (Kaplan, Mag. J.); *Brown v. Astrue*, 2009 WL 1402287, at *4 (McBryde, J.) ("At a minimum, there is ambiguity in the ALJ's decision at Step Two that must be resolved at the administrative level."); *Ruby v. Astrue*, 2009 WL 4858060, at *8 (Boyle, J.); *Neal v. Comm'r of Soc. Sec. Admin.*, No. 3:09-CV-0522-N, 2009 WL 3837500, at *6 (N.D. Tex. Sept. 11, 2009) (Ramirez, Mag. J.), *adopted in* 2009 WL 3856662 (N.D. Tex. Nov. 16, 2009) (Godbey, J.); *Scroggins v. Astrue*, 598 F. Supp. 2d at 805–07 (Lindsay, J.); *Sanders v. Astrue*, 2008 WL 4211146, at *8 (Fish, J.). *But see Warren v. Astrue*, No. 4:10-CV-098-A, 2011 WL 4526092, at *3 (N.D. Tex. Sept. 29, 2011) (McBryde, J.).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within fourteen (14) days after the party has

been served with a copy of this document. The United States District Judge need only make a de

novo determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual findings and legal conclusions accepted by the

United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th

Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until February 22, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 8, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE