U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAR 20 2012

CLERK, U.S. DISTRICT COURT
by _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DARRELL L. JONES, JR.,            §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:11-CV-053-A
                                 §
MICHAEL J. ASTRUE,               §
COMMISSIONER OF SOCIAL           §
SECURITY,                        §
                                 §
          Defendant.             §

### MEMORANDUM OPINION
### and
### ORDER

Before the court for decision is the complaint of plaintiff,
Darrell L. Jones, Jr., filed under the authority of 42 U.S.C.
§ 405(g), complaining of the denial by defendant, Michael J.
Astrue, Commissioner of Social Security Administration,
("Commissioner") of his application for disability insurance
benefits under sections 216(i) and 223 of the Social Security
Act, 42 U.S.C. §§ 416(i) and 423. After having considered the
filings of the parties, the administrative record, the proposed
findings and conclusions and recommendation of Magistrate Judge
Jeffrey L. Cureton, and pertinent legal authorities, the court
has concluded that the decision of Commissioner should be
affirmed.

I.

Background

Plaintiff's application for disability insurance benefits was denied by Commissioner initially and on reconsideration. He requested a hearing before an administrative law judge, which was held May 11, 2010, and was followed by an unfavorable decision of the administrative law judge ("ALJ") on June 11, 2010. Plaintiff's request for review was denied on November 23, 2010, with the result that the ALJ's decision became the final decision of Commissioner about which plaintiff complains in this court.

Consistent with the normal practices of this court, plaintiff's complaint was referred to the magistrate judge for proposed findings and conclusions and a recommendation, and the parties were ordered to treat the application as an appeal by plaintiff from Commissioner's ruling adverse to him. On February 8, 2012, the magistrate judge filed his proposed findings and conclusions and his recommendation ("FC & R") that the Commissioner's decision be reversed, and that the matter be remanded for further proceedings.

II.

## Positions Taken by the Parties, And the FC & R

A. **Plaintiff's Opening Brief**

In his opening brief filed with the magistrate judge,

plaintiff started by defining as follows the issues he presented:

> 1. Did the Defendant Commissioner apply the proper legal standard to evaluate the Plaintiff's severe impairments?
>
> . . .
>
> 2. Did the Defendant Commissioner consider all of the Plaintiff's vocationally significant impairments?
>
> . . .
>
> 3. Did the Defendant Commissioner give due consideration to expert medical opinion evidence?

Pl.'s Br. at 1.[1]

While acknowledging that the ALJ found at step two of his

five-step analysis[2] that plaintiff had a severe impairment and

---

[1] The reference to "Pl.'s Br. at ___" is to the document filed by plaintiff on May 13, 2011, titled "Plaintiff's Appeal From the Decision of the Commissioner of Social Security."

[2] The five-step evaluation process Commissioner must use to determine whether a claimant is disabled is set forth in 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity, id. § 404.1520(b); second, the claimant must have an impairment or combination of impairments that qualify as a severe impairment, id. § 404.1520(c); third, the claimant's impairment(s) must meet or equal an impairment listed in appendix 1 to the regulations, id. § 404.1520(d); or, fourth, the claimant's impairment(s) must prevent the claimant from doing his past relevant work, id. § 404.1520(f); and fifth, the claimant's impairment(s) must prevent him from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience, id. § 404.1520(g). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999). The burden shifts to Commissioner at

(continued...)

proceeded to rule at a subsequent step of the analysis that denial of benefits was appropriate, plaintiff nevertheless maintained in support of his first issue that there should be a reversal and remand because the ALJ's decision did not affirmatively disclose that the ALJ properly applied the standard for determining severity adopted by the Fifth Circuit in <u>Stone v. Heckler</u>, 752 F.2d 1099 (5th Cir. 1985).[3]  In support of his second issue, plaintiff argued that the ALJ failed to consider in his overall analysis (a) a congestive heart failure condition claimed by plaintiff, and claimed symptoms resulting from the congestive heart failure, i.e., edema that caused his feet to swell, or (b) plaintiff's obesity.  In support of his third issue, plaintiff argued that the ALJ failed to consider opinions of state agency physicians who, after having a review of the evidence, "determined that the Plaintiff was limited to only occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching and crawling" and that he was

---

[2](...continued)
step five to show that there is other gainful employment the claimant is capable of performing despite his impairment(s). <u>Id.</u>  If Commissioner meets that burden, the claimant must prove he cannot perform the alternate work. <u>Id.</u>

[3]The standard set forth in <u>Stone v. Heckler</u> is: "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d 1099, 1101 (5th Cir.1985) (internal citations, quotations, and brackets omitted).

"further limited to no climbing of ladders, ropes, or scaffolds." Pl.'s Br. at 12.

B.    **Brief Filed by Commissioner in Response to Plaintiff's Brief**

Commissioner responded to the first issue defined by plaintiff by pointing out that if there was any error on the part of the ALJ in the standard applied in determining severity of plaintiff's conditions, the error was harmless inasmuch as the ALJ found at step two that plaintiff had a severe impairment of uncontrolled hypertension, and then proceeded in his analysis through the remaining steps three, four, and five. Commissioner maintained as to plaintiff's second issue that plaintiff has not shown that his impairments, including obesity, produced functional limitations that exceeded the limitations the ALJ set forth in his RFC determination. In response to plaintiff's third issue, Commissioner noted that the opinions of the state agency reviewing physicians, Drs. Dolan and Spoor, supported the ALJ's disability determination.

C.    **The FC & R**

The magistrate judge recommended that Commissioner's decision be reversed, and that the matter be remanded for further administrative proceedings consistent with the magistrate judge's proposed findings of fact and conclusions of law. The

recommendation of the magistrate judge was based in its entirety
on the magistrate judge's conclusion that the decision of the ALJ
failed to disclose that the ALJ applied <u>Stone</u>'s severity standard
at step two of the sequential evaluation process.  Having been
persuaded by rulings or recommendations previously made by other
magistrate judges in the Northern District of Texas (adopted by
the referring district judge) that the mere failure of an
administrative law judge to apply the <u>Stone</u> standard at step two
was fatal to the Commissioner's decision, the magistrate judge
recommended reversal and remand without considering whether the
failure of the ALJ to comply with the <u>Stone</u> standard was harmless
error.

The magistrate judge noted in the FC & R that the
undersigned, who referred this case to the magistrate judge for
proposed findings and conclusions and a recommendation, has
repeatedly ruled under circumstances like those existing in this
action that a <u>Stone</u> error of the kind found by the magistrate
judge does not, standing alone, require reversal and remand.  The
footnote explanation was that, notwithstanding the referring
district judge's decisions to the contrary, the magistrate judge
"feels compelled to continue to recommend remand on this issue
based on current Fifth Circuit precedent and the rulings of the

6

majority of judges in this district as set forth herein."[4] FC & R
at 11 n.5 (a footnote in which the magistrate judge cited to four
of the recent decisions of the undersigned that have rejected
recommendations of reversal and remand made by the magistrate
judge under the same circumstances that exist in the instant
action).

As has become the magistrate judge's practice, the
magistrate judge declined to consider plaintiff's second and
third issues because of his conclusion that the resolution of
plaintiff's <u>Stone</u> issue required a reversal and remand, leaving
the unresolved issues to be dealt with by the undersigned without
the benefit of proposed findings or conclusions or a
recommendation by the magistrate judge as to those issues.

D.   <u>Response of Commissioner to the FC & R, and Plaintiff's
     Reply</u>

Commissioner in his response to the FC & R took issue with
the magistrate judge's recommendation that Commissioner's denial
of benefits be reversed and that the matter be remanded to

---

[4]The "Fifth Circuit precedent" to which the magistrate judge referred is the case of <u>Loza v. Apfel</u>,
219 F.3d 378 (5th Cir. 2000), which this court discusses under the Analysis section of this memorandum
opinion. <u>Infra</u> at 18-19.

Commissioner for further proceedings. The crux of Commissioner's response is found in the following statement:

> The Fifth Circuit has recognized that <u>Stone</u> is at issue in cases where the ALJ denied benefits at step two of the sequential evaluation process; if the ALJ's analysis proceeded past step two, a claimant's argument that the ALJ applied the wrong severity standard is moot. Here, the ALJ found in Jones's favor at step two and proceeded through the remainder of the five-step analysis (Tr. 9-14). This case did not turn on whether Jones's impairment was severe, but on whether he could perform other work that exists in the national economy, an inquiry that the <u>Stone</u> test does not affect. Thus, Jones's argument is irrelevant to disposition of this case.

Mar. 2, 2012 Resp. at 2 (citations omitted). As a backup argument, Commissioner urged that, in any event, the ALJ's failure to cite to <u>Stone</u> is harmless for the added reason plaintiff has identified no additional impairment that the ALJ should have found to be severe.

In support of his harmless-error arguments, Commissioner cited <u>Audler v. Astrue</u>, 501 F.3d 446, 448 (5th Cir. 2007), and <u>Morris v. Bowen</u>, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam). In <u>Morris</u>, the Fifth Circuit repeated its statements in <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam), that "[p]rocedural perfection in administrative proceedings is not required" and that "[t]his court will not vacate a judgment unless the substantial rights of a party have been affected."

864 F.2d at 335.   The same harmless-error language was used in

Audler.   501 F.3d at 448.

As a further alternative position, Commissioner argued in

his response that the magistrate judge's application of Stone was

overly strict, and was inconsistent with controlling case law.

On March 8, 2012, plaintiff replied to Commissioner's

response, arguing that the magistrate judge was correct in

concluding a reversal and remand would be proper by reason of the

failure of the ALJ to make proper reference to Stone at his step

two evaluation of severity.   Plaintiff cited as authority some of

the earlier Northern District magistrate judge recommendations to

that effect.

III.

Analysis

A.   Basic Principles

A guiding principle is that judicial review of a decision of

Commissioner of nondisability is limited to two inquiries: (1)

whether Commissioner's decision is supported by substantial

evidence on the record as a whole and (2) whether Commissioner

applied the proper legal standards.   See Anthony v. Sullivan, 954

F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than

a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support

9

a conclusion." <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995); <u>Greenspan v. Shalala</u>, 38 F.3d 232, 236 (5th Cir. 1994). There will not be a finding of "no substantial evidence" unless "there is a conspicuous absence of credible choices." <u>Harrell v. Brown</u>, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues de novo. <u>Ripley</u>, 67 F.3d at 555. The court cannot substitute its own judgment for that of the Commissioner. <u>Neal v. Bowen</u>, 829 F.2d 528, 530 (5th Cir. 1987) (per curiam); <u>Chaparro v. Bowen</u>, 815 F.2d 1008, 1010 (5th Cir. 1987) (per curiam); <u>Milam v. Bowen</u>, 782 F.2d 1284, 1286 (5th Cir. 1986). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991) (per curiam); <u>Carry v. Heckler</u>, 750 F.2d 479, 482 (5th Cir. 1985). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. <u>Randall v. Sullivan</u>, 956 F.2d 105, 109 (5th Cir. 1992) (citing <u>Ransom v. Heckler</u>, 715 F.2d 989, 992 (5th Cir. 1983) (per curiam). If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must

accept them.   See Richardson v. Perales, 402 U.S. 389, 390, 91 S.

Ct. 1420, 1422 (1971).   "The role of the courts in this

quintessentially administrative process is extremely narrow and

the Commissioner's decision is entitled to great deference."

Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Lewis v.

Weinberger, 515 F.2d 584, 586 (5th Cir. 1975).

Also basic is the claimant's burden of proof, as the Fifth

Circuit reminded in Hames v. Heckler:

> It must be remembered that an individual claiming
> disability insurance benefits under the Social Security
> Act has the burden of proving her disability.   To meet
> her burden and establish disability under the Act,
> Plaintiff must prove that she is unable to engage in
> any substantial gainful activity.   Plaintiff must also
> establish a physical impairment lasting at least twelve
> months that prevents her from engaging in substantial
> gainful activity.

707 F.2d 162, 165 (5th Cir. 1983) (per curiam) (citations

omitted).   See also Mays v. Bowen, 837 F.2d at 1364; Shearer v.

Astrue, 2008 WL 5136949, at *3, No. 4:07-CV-552-A (N.D. Tex. Dec.

5, 2008).

Particularly pertinent to the decision in this action are

the harmless-error principles articulated by the Fifth Circuit in

the Audler and Morris decisions cited by Commissioner in his

response to the FC & R, supra at 8-9.   As the Fifth Circuit made

clear in those cases, procedural perfection is not required, and

an adjudication of the Commissioner is not to be vacated unless a

11

substantial right of the claimant has been adversely affected.
The Fifth Circuit explained, in a Social Security action
involving a severity determination issue similar to the one
presented in this action, that "[t]he major policy underlying the
harmless error rule is to preserve judgments and avoid waste of
time." Mays, 837 F.2d at 1364. See also Carter v. Massey-
Ferguson, Inc., 716 F.2d 344, 349 (5th Cir. 1983); Gulf States
Utils. Co. v. Ecodyne Corp., 635 F.2d 517, 519-20 (5th Cir.
1981).

B.    The *Stone* Issue

     The court agrees with the magistrate judge that the record
does not indicate that the ALJ used in his step two evaluation
the standard mandated in Stone. The ALJ made no mention of
Stone, and said that "[a]n impairment is severe within the
meaning of the regulations if it imposes significant restrictions
in the ability to perform basic work activities." R. at 9.
However, the ALJ found that plaintiff's uncontrolled hypertension
constituted a severe impairment. Id. Having made that finding,
the ALJ then went through the remaining steps of the sequential
analysis before reaching the conclusion that plaintiff was not
disabled. This is the subject of the first issue defined in
plaintiff's opening brief. Supra at 3. Commissioner responded

that this error on the part of the ALJ was harmless, and cannot form the basis for a reversal and remand.

Plaintiff and the magistrate judge are correct in their observations that there are many rulings or recommendations of magistrate judges in this district that have declined to apply the harmless-error rule once the conclusion was reached that the administrative law judge failed to utilize the Stone standard for determining severity of impairments at step two of the analysis. As recently as 2010 the undersigned was among those judges who adopted magistrate judge recommendations to that effect. See, e.g., Tusken v. Astrue, No. 4:08-CV-657-A, 2010 W1L 2891075, at *8 (N.D. Tex. July 20, 2010). After further study and reflection, the undersigned concluded that, in those cases where the administrative law judge found the existence of a severe condition at step two and went past step two to reach a decision at a later step that benefits should be denied, there is no logic, common sense, or Fifth Circuit support for a conclusion that reversal and remand is required, or appropriate, if the only error of the administrative law judge was his failure to use the Stone severity standard at step two of his analysis.[5]

---

[5]A magistrate judge of this district recently reconsidered the position she had been taking, and

(continued...)

The inflexible "reverse and remand" position taken in the decisions upon which plaintiff and the magistrate judge relied in support of the reversal and remand requested by plaintiff and recommended by the magistrate judge is, for the most part, the result of the statement of the Fifth Circuit in Stone that "[u]nless the correct standard is used, the claim must be remanded to the Secretary for reconsideration." 752 F.2d at 1106. That statement has been taken by some as, in effect, a directive by the Fifth Circuit that the harmless-error rule will not be applied in any case in which the administrative law judge did not make his severity determination at step two by an application of the Stone-mandated standard. The court, aided by post-Stone Fifth Circuit decisions, has concluded that the

------

[5](...continued)
came to the same conclusion the undersigned has reached. In Jones v. Astrue, Northern District Magistrate Judge Renée Harris Toliver provided the following explanation:

> [T]he undersigned previously has reversed and remanded on Stone grounds where the ALJ used the incorrect severity standard. Nevertheless, this case marks the first time that the government has squarely presented and adequately briefed before the undersigned its argument that Stone error is harmless if the ALJ continues beyond step two of the sequential analysis.
>
> In fact, Stone itself provides that "[i]n view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement," thereby mandating reversal. Stone, 752 F.2d at 1106 (emphasis added). Indeed, numerous Fifth Circuit authorities state that reversal based on a Stone error is not required if the ALJ does not terminate the case at step two of the sequential analysis.

No. 3:11-CV-107-BK, --- F. Supp. 2d ---, 2011 WL 4498872, at *5-6 (N.D. Tex. Sept. 28, 2011) (citations omitted).

inflexible approach taken in the decisions upon which plaintiff
and the magistrate judge relied is unsound.

First of all, the court finds nothing in the language of
Stone to suggest that the three-judge panel that handed down the
Stone opinion had the slightest thought that they were writing
out of Fifth Circuit law in a case involving a Stone-type
situation the well-established principle that a decision under
review will not be vacated unless the substantial rights of a
party have been affected. See supra at 8-9, 11-12. When the
Fifth Circuit said in Stone that "the claim must be remanded"
unless the correct standard was used, the Fifth Circuit
undoubtedly intended that its directive be given a common-sense
application consistent with the major policy, underlying the
harmless-error rule, of preserving a decision under review to
avoid waste of time unless the error had an adverse effect on the
substantial rights of a party. In the paragraph in Stone where
"the claim must be remanded" language appears, the Fifth Circuit
explained that the problem it was trying to correct existed in
those "cases where the disposition has been on the basis of non-
severity." Stone, 752 F.2d at 1106. When the "must be remanded"
language is read in that context, it becomes apparent that the
Fifth Circuit could not have had in mind that a remand would be

required for an error at step two when the disposition of the claim was not on the basis of non-severity.

Post-Stone decisions of the Fifth Circuit support the proposition that Stone did not create an exception to the harmless-error policy of the Fifth Circuit. The harmless-error rule was applied by the Fifth Circuit in Harrell, in which the Court said that an error in the administrative law judge's analysis at step two does not require a remand when the administrative law judge has gone beyond the second step. 862 F.2d at 481. A note in the Fifth Circuit's Jones v. Bowen decision informed that the Fifth Circuit was of the view that if the administrative law judge has denied benefits at the fourth and fifth levels of the sequential evaluation scheme, a Stone error at the second level would not constitute an error similar to that found in Stone, "where the claimant's request for benefits was prematurely denied based on an improper determination of 'non-severity.'" 829 F.2d 524, 526 n.1. (5th Cir. 1987) (per curiam). A comparable note is found in Reyes v. Sullivan, 915 F.2d 151, 154 n.1 (5th Cir. 1990) (per curiam). Also pertinent is the Fifth Circuit's opinion in Adams v. Bowen,

in which the Court found that the following circumstances did not

provide ground to remand the case:

> Appellant's final point suggests the ALJ erred in
> acknowledging her significant impairment while failing
> to find it "severe." This case did not depend upon a
> conclusion of the "non-severity" of her condition,
> however, for the ALJ went on to find, pursuant to the
> fourth step of the sequential evaluation analysis, that
> appellant's impairment did not disable her from
> performing her past sedentary work.

833 F.2d 509, 512 (5th Cir. 1987).  <u>See also</u> <u>Shipley v. Sec'y of</u>

<u>Health & Human Servs.</u>, 812 F.2d 934, 935 (5th Cir. 1987) (per

curiam).

Similarly, and perhaps more to the point, is the Fifth

Circuit's alternative holding in <u>Chaparro</u>, 815 F.2d at 1011, that

if the outcome of the Social Security case does not turn on

whether or not the claimant's impairment was severe, but on

whether the claimant could return to his past relevant work,

which is an inquiry unaffected by the test set forth in <u>Stone</u>,

the claimant's argument that the Secretary erroneously failed to

apply the <u>Stone</u> standard is irrelevant to the disposition of the

claimant's case.

Four unpublished decisions of the Fifth Circuit, while not

precedent, are instructive on the subject under discussion.  <u>See</u>

<u>Nicholson v. Massanari</u>, No. 00-31370, 254 F.3d 1082, 2001 WL

564157, at *1 (5th Cir. May 18, 2001) (per curiam); <u>Ledezma v.</u>

<u>Apfel</u>, No. 98-50255, 161 F.3d 8, 1998 WL 723847, at *1 (5th Cir. Oct. 5, 1998) (per curiam); <u>LeBlanc v. Chater</u>, No. 95-60547, 83 F.3d 419, 1996 WL 197501, at *2 (5th Cir. Mar. 21, 1996) (per curiam); <u>Snell v. Chater</u>, No. 95-30080, 68 F.3d 466, 1995 WL 581550, at *1 (5th Cir. Aug. 24, 1995) (per curiam).[6]

The post-<u>Stone</u> decisions of the Fifth Circuit convey the message that the <u>Stone</u> "remand" directive did not do away with the Fifth Circuit's harmless-error policy, and that a remand is not required merely because an administrative law judge committed a <u>Stone</u> error--that is, if the administrative law judge makes his decision of nondisability at a step subsequent to step two, an error in the form of a failure of the administrative law judge to apply the <u>Stone</u> severity standard at step two will not, standing alone, be ground for reversal and remand.

The only Fifth Circuit decision cited by the magistrate judge in support of his conclusion that the harmless-error doctrine should not be applied if there has been a <u>Stone</u> error is

---

[6]In <u>Snell v. Chater</u> the Fifth Circuit explained:
      In this appeal, Snell raises four issues. First, she contends that the administrative law judge applied improper legal standards to determine the severity of her claimed "diagnosed impairments" of obesity and schizo-affective disorder. In support, she cites <u>Stone v. Heckler</u>, 752 F.2d 1099, 1106 (5th Cir.1985), where this court set out the correct legal standard to use for determining "non-severity" at Step Two in the five-step disability analysis. After <u>Stone</u>, however, this court has held that when the ALJ's analysis goes beyond Step Two, i.e., to a finding of severe impairment, specific reference to <u>Stone</u> and its requirements is not necessary. <u>See</u> <u>Harrell v. Bowen</u>, 862 F.2d 471, 481 (5th Cir.1988).
No. 95-30080, 68 F.3d 466, 1995 WL 581550, at *1 (5th Cir. Aug. 24, 1995) (per curiam).

Loza v. Apfel, 219 F.3d 378, 393 (5th Cir. 2000). The Fifth
Circuit concluded in Loza that the administrative law judge's
finding that a mental impairment was non-severe was not supported
by substantial evidence based on the record as a whole, id. at
394, 398-99, and that in making that finding he applied an
incorrect severity standard, id. at 399. The effect of the Fifth
Circuit's holding in Loza is that the error at step two was not
harmless under the unique facts of that case.

The undersigned and Magistrate Judge Toliver, supra at 13-14
n.5, are not the only judges at the district court level who have
rejected the inflexible "reverse and remand" position taken by
the magistrate judge in this action and the others to whom the
magistrate judge cited in the FC & R. See, e.g., Nance v.
Astrue, No. 09-476-CN, 2010 WL 3523052, at *7 (M.D. La. Sept. 3,
2010); Bullard v. Astrue, No. H-08-2999, 2009 WL 3101002, at *6
(S.D. Tex. Sept. 23, 2009); Altvater v. Barnhart, No. SA 04-CA-
0079-RF, 2005 WL 469596, at *5 (W.D. Tex. Feb. 28, 2005),
adopting 2005 WL 475149 (W.D. Tex. Feb. 10, 2005); McClatchy v.
Barnhart, No. ASA-03-CA-0914 X, 2004 WL 2810100, at *5-6 (W.D.
Tex. Dec. 3, 2004), adopted by 2005 WL 1593395 (W.D. Tex. June
30, 2005).

For the reasons given above, the court concludes that the ALJ's <u>Stone</u> error does not require a reversal and remand of Commissioner's decision.

C.  <u>The ALJ Considered All of Plaintiff's Vocationally Significant Impairments</u>

The court has concluded that the answer to plaintiff's second issue, supra at 3, is that the ALJ did consider all of plaintiff's vocationally significant impairments.  In the ALJ's introduction to his decision, he noted that he had given "careful consideration to all the documents identified in the record as exhibits and the testimony at the hearing."  R. at 8.  His "Evaluation of the Evidence" section discloses that the ALJ carefully evaluated all of Plaintiff's alleged impairments.  R. at 9-14.

The ALJ noted that when plaintiff underwent extensive cardiac and pulmonary work-up in February 2006, there were no significant abnormal findings.  R. at 10.  He took into account the findings of Dr. Bosworth, to whom plaintiff had been referred in 2009 by the Texas Disability Determination Services.  R. at 11.  Dr. Bosworth's records disclosed that in 2009 plaintiff reported that he could walk one to two blocks and stand for thirty to forty-five minutes, and that he was able to do housework, grocery shopping, prepare meals, and drive.  <u>Id.</u>

While Dr. Bosworth noted plaintiff's obesity, he also noted that
plaintiff was well-developed and in no acute distress, had full
range of motion of his neck, had good breath sounds, had normal
gait and station, was able to heel, toe, and tandem walk, had no
difficulty getting on or off the exam table, and that his
peripheral sensations were intact in both the upper and lower
extremities.  Id.  All those factors were considered by the ALJ
in his decision adverse to plaintiff.

The ALJ discussed in detail the findings and conclusions of
Dr. George C. James, a cardiologist who saw plaintiff twice in
late 2005, and who followed up with plaintiff's care and
treatment in 2006 and again in 2009.  R. at 9-11.  The ALJ took
note that during plaintiff's follow-up visit with Dr. James in
July 2009, plaintiff "reported that he has been doing okay and
denied any symptoms of angina," though he tended "to develop
dyspnea with exertion and he had mild edema secondary to [his]
medications."  R. at 12.  And, the ALJ noted that when plaintiff
returned to Dr. James two weeks later he complained of worsened
edema.  Id.

The ALJ's decision shows that he considered all the relevant
medical information, including information pertaining to
plaintiff's stay at Baylor All Saints in May 2009, plaintiff's
visit to John Peter Smith in October 2009 and again in December

21

2009, his referral to Dr. Rim Bannout for a cardiology consultation in December 2010 (for questionable congestive heart failure and hypertension), and plaintiff's visits to Dr. Archer in late 2009 and early 2010. R. at 10-12. He noted that Dr. Bannout reported that plaintiff "was not in congestive heart failure," R. at 12, and that his edema probably was related to his medications, id.

The ALJ's decision discloses that he carefully considered the testimony given by plaintiff at the hearing, R. at 13-14, including plaintiff's complaints that his feet swell, R. at 13. Only after considering all of the medical evidence and plaintiff's testimony did the ALJ reach, and express, his finding that "neither the objective medical evidence nor the testimony of the claimant, [nor the] non-medical evidence, establishes that the claimant's ability to function is so severely impaired as to preclude work at a sedentary level of exertion." Id.

Giving the findings of the ALJ the deference required by law, the court cannot find that the ALJ did not consider in his analysis all of plaintiff's vocationally significant impairments. The content of the ALJ's decision indicates that he carefully considered all of them. Therefore, the court concludes that the second issue presented by plaintiff must be resolved in favor of Commissioner.

D.   The ALJ Gave Due Consideration to the Expert Medical
     Opinion Evidence

Plaintiff's argument under his third issue is narrower than

the wording of the issue.  His argument is an expression of his

belief that the ALJ failed to give findings and opinions of state

agency physicians the weight plaintiff claims they should have

been given.  Pl.'s Br. at 12-13.  The answer to the third issue

is found in the following statements by the ALJ in his decision:

> In accordance with Social Security Ruling 96-6p, the
> undersigned Administrative Law Judge has reviewed the
> opinions of the state agency medical consultants' non-
> examining sources which form the basis of the initial
> and reconsideration determinations.  They determined
> that the claimant was capable of a wide range of
> sedentary work activity (Exhibit 18F).  Since the
> record contains new and material evidence, the
> Administrative Law Judge's determination of the
> claimant's limitations are not based on the opinions of
> the state agency medical consultants.

R. at 12.

Plaintiff has misinterpreted the evidence provided by the

state agency physicians.  They did not provide evidence that

would have supported a finding that plaintiff could not perform

the level of sedentary work the ALJ found he could perform.

After having given due consideration to the state agency medical

consultants, the ALJ correctly noted that "[t]hey determined that

the claimant was capable of a wide range of sedentary work activity." <u>Id.</u>

For the reasons stated, the court disagrees with plaintiff's argument that his third issue should be resolved in his favor. The record shows that the ALJ did give due consideration to expert medical evidence, and that the evidence he considered is sufficient to support his findings, particularly considering the legal deference his findings deserve.

E. <u>Conclusion</u>

For the reasons given above, the court concludes that the magistrate judge's recommendation of reversal and remand should be rejected. The court disapproves of all proposed findings and conclusions of the magistrate judge that are inconsistent with this memorandum opinion. The court concludes that all arguments made by plaintiff in support of the issues he presented in his brief are without merit.

IV.

<u>Order</u>

Having concluded that the decision of Commissioner is supported by substantial evidence in the record as a whole, and that the apparent failure of Commissioner to apply the proper severity standard was harmless in the sense that it did not adversely affect any substantial right of plaintiff,

24

The court ORDERS that the decision of Commissioner that, based on the application filed on March 15, 2009, by plaintiff, plaintiff was not entitled to a period of disability or to disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act, be, and is hereby, affirmed.

SIGNED March 20, 2012.

_____
JOHN McBRYDE
United States District Judge